IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SARAH HANKAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-0845-MJR |
| | ) | |
| PACIFIC SUNWEAR OF CALIFORNIA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

I.      Background

Sarah Hankammer worked as a manager for Pacific Sunwear of California, Inc., at St. Clair Square Mall in St. Clair County, Illinois.  Injured at work on July 30, 2010, Hankammer filed an application for adjustment of claim on July 13, 2011.  On July 8, 2011, Pacific Sunwear discharged Hankammer.  On May 18, 2012, Hankammer filed suit in the Circuit Court of St. Clair County, alleging retaliatory discharge for having exercised her rights under the Illinois Worker's Compensation Act.  Her complaint seeks damages in an amount not to exceed $75,000.

Served with the complaint on July 3, 2012, Pacific Sunwear timely removed the action to this United States District Court on July 26, 2012, alleging subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**.  That statute requires that the amount in controversy exceed $75,000 (exclusive of interest and costs) and that "the citizenship of each plaintiff [be] diverse from the citizenship of each defendant."  *See Caterpillar, Inc. v. Lewis*, **519 U.S. 61, 68 (1996);** *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997).**

Hankammer moved to remand the case to state court (Doc. 13), and Pacific Sunwear filed a memorandum opposing remand (Doc. 19).

On July 27, 2012, the Court ordered Pacific Sunwear to file an amended notice of removal because the original notice failed to properly address Hankammer's citizenship. On July 30, Pacific Sunwear filed an amended notice, adequately alleging that the parties are completely diverse (Pacific Sunwear is a citizen of Delaware and California, and Hankammer is an Illinois citizen). Diversity of citizenship is not contested. Hankammer does, however, contest the allegation that the jurisdictional amount in controversy has been satisfied.

As explained below, after calculating the amount of damages, there is a "reasonable probability" that the amount in controversy exceeds $75,000. Accordingly, Plaintiff's Motion to Remand will be denied.

The face of the plaintiff's complaint supplies the starting point in determining the amount in controversy. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).** Hankammer's complaint alleges that she has suffered lost wages, mental anguish and distress as a result of her discharge. She does not request a specific amount in damages but prays for judgment in an amount not to exceed $75,000. Appended to Hankammer's complaint is her counsel's affidavit, in which he states, that the prayer for damages in this complaint exceeds $50,000.00.

Pacific Sunwear takes issue with Hankammer's estimate of damages, asserting that (1) there is a reasonable probability that the amount in controversy exceeds the jurisdictional requirement and (2) a party cannot subvert removal by alleging damages below the jurisdictional limit since Illinois practice does not limit Hankammer's recovery to the amount of damages stated in the complaint, which is easily amended.

## II.     Discussion

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. **28 U.S.C. § 1441(a); Chase, 110 F.3d at 427**. As explained by the Seventh Circuit, "Where jurisdiction is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof, *NLFC, Inc. v. Devcom Mid-America, Inc.*, **45 F.3d 231, 237 (7th Cir. 1995)**, which means proof to a reasonable probability that jurisdiction exists." *Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, **250 F.3d 1077, 1081 (7th Cir. 2001) (quoting *Target Market Pub., Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1142 (7th Cir.1998)).** *See also Wilson v. Republic Iron & Steel Co.*, **257 U.S. 92, 97 (1921);** *Chase,* **110 F.3d at 427**.

The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, **472 F.3d 506, 510-11 (7th Cir. 2006) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002))**. A plaintiff's complaint, not a defendant's belief or the Court's surmise, guides the jurisdictional inquiry, and courts generally "deem a plaintiff's request for damages to have been made in good faith." *Shaw***, 994 F.2d at 366.** *See also In re Shell Oil***, 970 F.2d 355, 356 (7th Cir. 1992).** Once the defendant has established the required amount in controversy, the plaintiff can defeat jurisdiction "[o]nly if it is 'legally certain' that the recovery ... will be less than the jurisdictional floor." *Oshana***, 472 F.3d at 511 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) ("the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.").**

3

Thus, Pacific Sunwear, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence that more than $75,000 was in issue at the time it filed its notice of removal. Pacific Sunwear first points to Hankammer's prayer for relief which, although purporting to limit the damage request to $75,000, requests both compensatory damages and damages for emotional distress.

The amount in controversy is determined by evaluating the plaintiff's complaint "and the record as a whole." ***Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (citing *Uhl v. Thoroughbred Tech. & Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002); *Gould v. Artisoft Inc.*, 1 F.3d 544, 547 (7th Cir. 1993))**. As to Hankammer's claim for lost wages, under Illinois law, a wrongfully discharged employee may recover lost back pay and front pay from her former employer for the period following the discharge until the employee either finds new employment or is reinstated. ***See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065 (7th Cir. 1999) (applying Illinois law); *Reinneck v. Taco Bell Corp.*, 696 N.E.2d 839 (Ill.App.Ct. 1998)**. The employee can also recover for emotional distress suffered as a result of retaliatory discharge. ***Peeler v. Village of Kingston Mines*, 862 F.2d 135, 137 (7th Cir. 1988) (citing *Sloan v. Jasper City Community Unit School Dist. No. 1*, 522 N.E.2d 334 (Ill.App.Ct. 1988)); *Reinneck*, 686 N.E.2d at 845**. Moreover, Illinois law permits the employee to recover amounts beyond those pleaded in a complaint. ***BEM I,* 301 F.3d at 552**.

Sunwear Pacific submits that at the time of Hankammer's termination, she received $34,000 in annual salary, plus health insurance benefits, totaling approximately $39,962.32 a year. Doc. 19, Exhibit B, Gosselin Aff. Additionally, Sunwear Pacific maintains, upon information and belief, that Hankammer remains unemployed since her termination in July

2011.[1] *Id.* So, Hankammer's lost wages claim exceeds $40,000.00. Hankammer also seeks damages for mental anguish and distress. Furthermore, even though Hankammer's prayer does not include punitive damages, punitive damages are available on claims for retaliatory discharge under Illinois law. *Hunt v. Davita, Inc.*, **2010 WL 5058372 at \*1 (S.D. Ill. 2010)**.

Under Seventh Circuit case law, if compensatory and punitive damages are recoverable, both must be included in calculating the total amount in controversy to determine if the jurisdictional requirement has been satisfied. ***Del Vecchio v. Conseco, Inc.,* 230 F.3d 974, 978 (7th Cir. 2000) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943)).** Where punitive damages are recoverable as a matter of state law, "the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Id.* **(quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995), quoting *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974).**

Considering the date of Hankammer's alleged retaliatory discharge, July 8, 2011, her annual income, the value of lost benefits, the prayer for damages for mental anguish and distress, and the possible recovery of punitive damages, a preponderance of the evidence supports a finding that more than $75,000 was in issue at the time Pacific Sunwear filed its notice of removal.

In sum, Hankammer has not shown to a legal certainty that her damages could not amount to a sum in excess of $75,000. Consequently, the Court finds that the preponderance of the evidence establishes that the amount in controversy exceeded $75,000 at the time of removal. The Court, therefore, concludes that it has jurisdiction over this case.

---

[1] Hankammer's complaint and motion to remand are silent as to whether she has found employment.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Hankammer's motion to remand (Doc. 13).

IT IS SO ORDERED.

DATED this 14th day of November, 2012

>                         s/Michael J. Reagan
>                         MICHAEL J. REAGAN
>                         United States District Judge